REQUESTED BY: Dear Senator:
In a recent inquiry you note that Section 1 of ArticleVIII of the Constitution of Nebraska `sets forth the requirements for uniform classification and valuation of property for tax purposes.' You then state as follows:
 ". . . Recognizing the constitutional denial of using appraised values that are unequal across taxing jurisdiction, my question is: Does not this same prohibition exist for the utilization of appraised valuation in the determination of eligibility in the formula for the distribution of state aid to schools under the equalization provisions of section 79-1335, R.R.S. 1943, and proposed amendments thereto under Legislative Bill 33 of the 1977 Legislature."
We think not. As a condition precedent to an equalization grant, school districts are required to levy, in the manner prescribed by law, a tax of not less than a stated number of mills on the valuation of all taxable property within the district for the preceding year. Neb.Rev.Stat. § 79-1335 (Reissue 1971); Section 3 of LB 33 of the Eighty-Fifth Legislature, First Session (1977). It is to be observed that the sections of the statutes cited do not authorize different valuations of property between school districts in the same county nor different valuations of property between school districts in different counties. Hence, it would appear that a court would not have any basis to declare that equalization grants under the School Foundation and Equalization Act are unconstitutional even if the assessment of property among counties were unequal. In connection therewith the law requires the assessments to be reviewed and equalized annually. Neb.Rev.Stat. §§ 77-1514,77-511, 77-506 and 77-507 (Reissue 1971); Fromkin v.State, 158 Neb. 377, 63 N.W.2d 332 (1954); and Laflin v.State Board of Equalization and Assessment, 156 Neb. 427,56 N.W.2d 469 (1953). A fortiori, the assessment of property between counties is presumably equalized.